UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JAMES STEPHENS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00593-JPH-DLP |
| | ) | |
| BRIAN SMITH, | ) | |
| | ) | |
| Respondent. | ) | |

**ENTRY GRANTING MOTION TO DISMISS AND
DIRECTING ENTRY OF FINAL JUDGMENT**

James Stephens' petition for a writ of habeas corpus challenges his disciplinary conviction in disciplinary proceeding ISF 19-08-0181. The respondent moves to dismiss Mr. Stephens' petition because the Indiana Department of Correction has vacated the disciplinary conviction and the sanctions assessed against him and designated the matter for rehearing. *See* dkts. 8, 8-1.

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters*, 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). To be considered "in custody" for purposes of a challenge to a prison disciplinary conviction, the petitioner must have been deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001).

A case becomes moot, and the federal courts lose subject matter jurisdiction, when a justiciable controversy ceases to exist between the parties. *See Church of Scientology of Cal. v. United States,* 506 U.S. 9, 12 (1992) ("if an event occurs while a case is pending . . . that makes it

1

impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the [case] must be dismissed") (quoting *Mills v. Green,* 159 U.S. 651, 653 (1895)); *Honig v. Doe,* 484 U.S. 305, 317 (1988) (grounding mootness doctrine in the Constitution's Article III requirement that courts adjudicate only "actual, ongoing cases or controversies"). "A case is moot when issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (internal citations omitted).

This action is now moot because ISF 19-08-0181 no longer affects the fact or duration of Mr. Stephens' custody. A moot case must be dismissed for lack of jurisdiction. *Board of Educ. of Downers Grove Grade Sch. Dist. No. 58 v. Steven L.*, 89 F.3d 464, 467 (7th Cir. 1996), *cert. denied,* 520 U.S. 1198 (1997). When it is determined that a court lacks jurisdiction, its only course of action is to announce that fact and dismiss the case. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) ("'Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'") (quoting *Ex parte McCardle*, 7 Wall. 506, 514, 19 L.Ed. 264 (1868)).

The respondent's motion to dismiss, dkt. [8], is **GRANTED**. Mr. Stephens' petition is **dismissed for lack of jurisdiction**.

Mr. Stephens' motion to for a preliminary injunction, dkt. [10], is **DENIED**. The Court no longer has jurisdiction over this disciplinary proceeding and cannot prevent the respondent from rehearing the case. If Mr. Stephens is deprived of credit time or demoted in credit-earning class as a result of the rehearing, he may file a petition challenging any violations of his due process rights in that proceeding.

Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 3/26/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JAMES STEPHENS
996056
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

Natalie Faye Weiss
INDIANA ATTORNEY GENERAL
natalie.weiss@atg.in.gov